# UNITED STATES DISTRICT COURT
## SOUTHERN DISTICT OF OHIO
## WESTERN DIVISION

PARIS DEMETRIOUS SHIELDS,            Case No. 1:22-cv-25
   Plaintiff,                                                 Hopkins, J.
                                                            Litkovitz, M.J.

vs.

CAPITAL ONE AUTO FINANCE,
   Defendant/Third-Party Plaintiff,

vs.

JEFF WYLER COLERAIN II, INC.           **REPORT AND**
d/b/a JEFF WYLER NISSAN OF CINCINNATI,    **RECOMMENDATION**
   Third-Party Defendant.

     Pro se plaintiff Paris Demetrious Shields brings this action alleging violations of federal law in connection with his purchase of a vehicle on August 18, 2021. On November 18, 2022, third-party defendant Jeff Wyler Colerain II, Inc. d/b/a Jeff Wyler Nissan of Cincinnati (Wyler) filed a motion to dismiss both plaintiff's complaint and defendant Capital One Auto Finance (Capital One)'s third-party complaint. (Doc. 27).[1] On November 21, 2022, the Court issued a separate Notice, which advised plaintiff that failure to respond to Wyler's motion within 21 days from the date listed on its certificate of service could result in the dismissal of his case. (Doc. 29). Plaintiff did not file a timely response to Wyler's motion, and the Court issued an Order to plaintiff to show cause why his case should not be dismissed for failure to prosecute. (Doc. 38).

     Plaintiff filed a timely response captioned "UNITED STATES AFFIDAVIT OF Truth and Facts" (Doc. 39), which did not specifically address the arguments raised in Wyler's motion. The Court therefore rescinded its Order to show cause but also ordered plaintiff to file a response that specifically addressed and/or rebutted the arguments raised in Wyler's motion to dismiss—

---

[1] Capital One has not yet responded to Wyler's motion consistent with the prior Order of this Court extending its deadline to do so. (*See* Doc. 36).

in particular, section III.B thereof—within 30 days of the entry of the Order. (Doc. 41). To date, more than 30 days later, plaintiff has not complied with this Order.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to comply with the Court's most recent Order (Doc. 41) warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

## IT IS THEREFORE RECOMMENDED THAT:

1. This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 3/14/2023

*Karen L. Litkovitz*
Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTICT OF OHIO
WESTERN DIVISION

PARIS DEMETRIOUS SHIELDS,  Case No. 1:22-cv-25
   Plaintiff,  Hopkins, J.
  Litkovitz, M.J.

vs.

CAPITAL ONE AUTO FINANCE,
   Defendant/Third-Party Plaintiff,

vs.

JEFF WYLER COLERAIN II, INC.
d/b/a JEFF WYLER NISSAN OF CINCINNATI,
   Third-Party Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

3